1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    Raul Rodriguez,                              No.  2: 2:20-cv-01268-KJM-KJN

12                        Plaintiff,               ORDER

13            v.

14    Rick Hill,

15                        Defendant.

16

17          Petitioner, an incarcerated person in state prison proceeding pro se, has filed a "reply" to

18   this court's order. ECF No. 14. After reviewing the report, the court construes the motion as

19   seeking to alter or amend the prior order.

20          Under Rule 59(e), a party may move to "alter or amend a judgment" within twenty-eight

21   days of the entry of the judgment.  Although the Rule does not list specific grounds for such a

22   motion, the Ninth Circuit has said that a Rule 59(e) motion may be granted if "(1) the district

23   court is presented with newly discovered evidence, (2) the district court committed clear error or

24   made an initial decision that was manifestly unjust, or (3) there is an intervening change in

25   controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).  This court

26   has "wide discretion" when considering such a motion. *Turner v. Burlington N. Santa Fe R.R.*

27   *Co*., 338 F.3d 1058, 1063 (9th Cir. 2003).  The rule provides "an 'extraordinary remedy, to be

28   used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters.,*

1   *Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting James Wm. Moore et al.,

2   Moore's Federal Practice § 59.30[4] (3d ed. 2000)).  A party filing a motion for reconsideration

3   should not ask the court "to rethink what the Court has already thought through" simply because

4   of a disagreement with the result of that thought process.  *Above the Belt, Inc. v. Mel Bohannan*

5   *Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).

6       Here, Petitioner requests the Court transfer his petition for writ of habeas corpus to State

7   Court.  ECF No. 14 at 3.  Such a procedure is not available in this court.  Additionally, there is no

8   information in the Motion otherwise supporting the issuance of a new judgment.

9       Plaintiff's request for a new judgment, ECF No. 14, is DENIED.

10       IT IS SO ORDERED.

11   DATED:  November 13, 2020.

13   CHIEF UNITED STATES DISTRICT JUDGE

2